FILED

2024 Apr-08  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CAREY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case Number: 2:24-cv-0028-JHE |
| | ) | |
| JULIE ANN McMILLAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

In this diversity action removed from state court, Plaintiffs Christopher Carey ("Mr. Carey") and his wife Ladrika Carey ("Mrs. Carey") (collectively "Plaintiffs") bring claims under Alabama law against three named Defendants: (1) Julie Ann McMillan; (2) All Time Logistics, Inc. ("ATL"); and (3) Geico Indemnity Company ("Geico") (collectively "Defendants"). (Doc. 1-1 ("Complaint" or "Compl.")). The case is founded upon allegations that Mr. Carey suffered severe injuries in a motor vehicle accident purportedly caused by McMillan's negligent or wanton operation of a tractor trailer while working for ATL. (*See* Compl., ¶¶ 9-13)[1]. Now pending before the undersigned[2] is a motion filed by ATL seeking dismissal of two of the eight counts of Plaintiff's Complaint, pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. 6 ("ATL Motion")). Those two counts allege that ATL is liable, respectively, for negligent entrustment of the tractor trailer to McMillan (Compl., Count Three) and for negligently or wantonly hiring, training, supervising, and/or

---

[1] Mrs. Carey brings a claim for loss of consortium (Compl., Count Seven), while Plaintiffs claim against Geico seek to recover under the uninsured/underinsured motorist provisions of Plaintiffs' own auto policy. (*Id.*, Count Eight).

[2] The parties have consented to an exercise of plenary jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 15).

retaining her.  (*Id.*, Count Four).  Plaintiffs have filed a response in opposition to the motion (Doc. 13 ("Pl. Brief"), and ATL has filed a reply (Doc. 14 ("ATL Reply")).  For the reasons that follow, ATL's motion to dismiss these counts will be granted, but Plaintiffs will be granted leave to amend.

## I.     Review Standards

Rule 12(b)(6), Fed. R. Civ. P., authorizes a motion to dismiss a complaint in whole or in part on the ground that its allegations fail to state a claim upon which relief can be granted. On such a motion, the " 'issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (*quoting Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).  The court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences.  *Hazewood v. Foundation Fin. Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Nor is it proper to assume that the plaintiff can prove facts not alleged or that a defendant has violated the law in ways that have not been alleged.  *Twombly*, 550 U.S. at 563 n. 8 (*citing Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983)).

Rule 12(b)(6) is read in light of Rule 8(a)(2), Fed. R. Civ. P., which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Twombly*,

550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' " *i.e.*, its "factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted).

## II.    Background[3]

On or about December 18, 2021, Mr. Carey was driving a motorcycle on Interstate 20/59 in Bessemer, Alabama, when he was involved in a collision with a tractor trailer owned by ATC (hereinafter the "tractor trailer") and driven by McMillan while acting in the line and scope of her employment with ATC. (Compl., ¶¶ 9-13). Plaintiffs allege that accident was proximately caused by the negligent and/or wanton acts or omissions of McMillan "and" 19 fictitiously identified defendants. (*Id.,* ¶¶ 10, 12, 16, 18). Those fictitious defendants include the person known to Plaintiffs only as McMillan (*id.*, at 2, identifying fictitious defendant "No. 1"), the entity known to Plaintiffs only as ATC (*id.*, identifying fictitious defendant "No. 2"), and 17 other described individuals and entities whose names are also otherwise unknown to Plaintiffs. (*Id.*, at 2-3, identifying fictitious defendants "No. 3" through "No. 19"). In identifying the alleged misconduct at issue, Plaintiffs claim that McMillan and the other defendants "negligently" or "wantonly":

---

[3] The facts set forth in this section are taken from the Complaint. Consistent with the applicable standard of review, well-pled factual allegations are accepted as true. As such, they may or may noy turn out to be the actual facts. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1284 (11th Cir. 2010).

      a.   "operated" the tractor trailer;

      b.   "maintained" the tractor trailer, "including the equipment thereon";

      c.   "inspected" the tractor trailer, "including the equipment thereon";

      d.   "equipped" the tractor trailer;

      e.   "loaded and secured the cargo" on the tractor trailer;

      f.   "overloaded" the tractor trailer;

      g.   "violated the Federal Motor Carrier Safety Regulations";

      h.   "violated company policy"; and

      i.   "caused or contributed to the occurrence made the basis of the Plaintiffs' claims.

(Compl., ¶¶ 10, 16).  Based on these allegations, Plaintiffs seek to recover in Counts One and Two on claims for negligence and wantonness against "all" such Defendants.  (*Id.*, Ad Damnum Clauses following ¶¶ 13 and 19).

The only claims that ATL now seeks to dismiss pursuant to Rule 12(b)(6), however, are those asserted against it in Counts Three and Four.[4]  The former asserts that ATL is liable for negligent entrustment.  (Compl., Count Three).  In support, after adopting all preceding factual allegations of the Complaint (*id.*, ¶ 26), Plaintiffs claim that ATL "entrusted" the tractor trailer to McMillan despite that ATL "knew, and/or should have known, that due to [McMillan's] inexperience and/or history of negligence, [McMillan] was not capable of responsibly operating the [tractor trailer], a dangerous instrumentality."  (*Id.*, ¶ 23).  Count Four likewise adopts all preceding factual allegations and then claims that ATL "negligently or wantonly investigated, hired, trained, supervised and/or retained … McMillan."  (*Id.*, ¶ 27).   It further alleges that ATL

---

[4] The Complaint also contains two other counts against McMillan, ATL, and the fictitious defendants, which are captioned as "Respondeat Superior" (Compl., Count Five) and "Agency" (*id.*, Count Six).

"had actual knowledge and/or should have reasonably had knowledge that [she] was incompetent and/or inclined to be negligent." (*Id.*, ¶ 28).

## III. Discussion

### A. Sufficiency of the Allegations

Under Alabama law, the torts of negligent or wanton entrustment, hiring, training, supervision, and retention all require a plaintiff to show an employer knew or should have known that its employee was incompetent. *Hawes v. Bailey*, 2019 WL 112211, at *2 (N.D. Ala. Jan. 3, 2019) (*citing Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1288 (N.D. Ala. 2013) (*citing Britt v. USA Truck, Inc.*, 2007 WL 455027, *4 (M.D. Ala. 2007) (negligent or wanton entrustment and negligent hiring, supervision, and retention); *Armstrong Bus. Servs. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala. 2001) (negligent supervision); *Bruck v. Jim Walter Corp.*, 470 So. 2d 1141, 1144 (Ala. 1985) (negligent or wanton entrustment); *Brown v. Vanity Fair Mills, Inc.*, 277 So. 2d 893, 895 (1973) (negligent hiring, retention, and entrustment); *Sanders Shoe Show, Inc.*, 778 So. 2d 820, 824 (Ala. Civ. App. 2000) (negligent or wanton hiring and supervision))). "A driver is incompetent if he is 'unable or unlikely to [ ] operate[ ] [a] motor vehicle with reasonable safety due to one of several characteristics or conditions, including general incompetence or habitual negligence.' " *Laney v. Malone*, 2020 WL 9607005, at *3 (N.D. Ala. June 26, 2020) (*quoting Edwards v. Valentine*, 926 So. 2d 315, 322 (Ala. 2005)). "More specifically, proof may be established by evidence of previous acts of negligent or reckless driving, previous accidents, or previous acts of driving while intoxicated." *Id.* (*quoting Edwards, supra* (further citations omitted)). Further, the fact that the employee may have acted negligently at the time of the accident in which the plaintiff was injured does not show that the employer previously knew or should have known that the employee was incompetent. *See Pickens v. Guy's Logging*

5

*Co.*, No. 2018 WL 3732686, at *7 (N.D. Ala. Aug. 6, 2018).

ATL argues that Plaintiffs have not pled sufficient factual matter to support a plausible inference under the federal pleading standards of *Iqbal* and *Twombly* that ATL knew or reasonably should have known that McMillan was incompetent. Indeed, on this front, Plaintiffs have alleged only that ATL knew or should have known that that McMillan was not competent to operate the tractor trailer "due to … McMillan's inexperience and/or history of negligence" that are otherwise entirely unspecified. (Compl., ¶ 23). In *Hawes, supra*, another truck accident case, United States Magistrate Judge Cornelius deemed the very same language insufficient to state a claim for negligent or wanton entrustment, hiring, training, supervision, or retention. *See* 2019 WL 112211, at *1-2 (*citing Bush v. J.P. Morgan Chase Bank, N.A.*, 2016 WL 324993, at *9 (N.D. Ala. Jan. 27, 2016)). ATL contends that *Hawes* is persuasive and that the same result should prevail here.

Plaintiffs argue that *Hawes* is distinguishable. Specifically, Plaintiffs insist that "the plaintiff in *Hawes* **agreed to dismiss** the claims" at issue, while Plaintiffs here do not agree to a dismissal of their similar claims in Counts Three and Four. (Pl. Brief, ¶ 10 (emphasis original)). It is unmistakable, however, that Judge Cornelius expressly deemed the complaint in *Hawes* to suffer from "pleading deficiencies" that called for dismissal because it "contain[ed] no facts to support [the plaintiff's] allegations that [the trucking company] knew or should have known [its driver] was incompetent, inclined to be negligent, or not capable of responsibly operating the tractor-trailer or her allegation [the driver] had a history of negligence." *Hawes*, 2019 WL 112211, at *2. While the opinion did also note that the plaintiff's response to the motion "essentially concedes as much," *id.*, that half-acknowledgment does not alter the fact Judge Cornelius considered and decided the pleading sufficiency question on its merits. The undersigned agrees with the analysis in *Hawes* and concludes that the Complaint's allegation here that ATL knew or

should have known of McMillan's alleged incompetence "due to [her] inexperience and/or history of negligence" without any further detail or factual support is likewise insufficient to state a claim. *See Hawes*, 2019 WL 112211, at \*2; *see also Holland v. Carnival Corp.*, 50 F.4th 1088, 1096 (11th Cir. 2022) (pleading allegations that "[t]here are frequently spills on the staircase" and "prior slip and fall incidents on this staircase" were too conclusory to support that defendant cruise line had notice of substantially similar prior accidents); *Erickson v. Manatee Cnty. Sheriff's Dep't*, 824 F. App'x 861, 865 (11th Cir. 2020) (holding that plaintiffs' allegation that the defendant should have known of the need to train and supervise employee based "on notice of numerous materially similar prior incidents" was too general to state a claim).

Plaintiffs also argue, however, that their pleading contains sufficient facts to support their entrustment, hiring, supervision, training, and retention claims because Counts Three and Four adopt by reference all factual allegations set out in the Complaint previously.  (*See* Pl. Brief, ¶¶ 6-7); *see also* Compl., ¶¶ 20, 26).  Specifically, Plaintiffs emphasize that they have pled that the tractor trailer "was overloaded by [ATL]."  (Pl. Brief at 3; *see also* Compl., ¶¶ 10(f), 16(f)).  From there, Plaintiffs posit that "McMillan was inexperienced and/or incompetent to operate a tractor trailer because it was overloaded as no driver could be experienced or competent in driving a tractor trailer which is overloaded and against Federal Motor Carrier Safety Regulation[s]."  (Pl. Brief at 3).

Plaintiffs, however, conspicuously fail to cite any authority for their theory, which misses the mark.  Again, the question is whether the Complaint contains sufficient factual matter to support that ATL knew or should have known of *McMillan's* alleged *incompetence*, a matter determined by reference to *her* qualifications, training, experience, driving record, etc.  *See Laney, supra.*  Plaintiffs' allegation that someone at ATL overloaded the tractor trailer for the haul

McMillan was driving at the time of the accident does not speak to what ATL might have known or reasonably should have known about *McMillan's personal competence vel non* before she was allowed to undertake that trip. Rather, overloading is an allegation of substantive negligence in the operation, preparation, and maintenance of the *instrumentality*, *i.e.*, the tractor trailer, like driving it too fast or failing to keep its brakes in working order, not negligence arising from the employer's prior knowledge of the *unfitness* of the *driver*. *See Garcia v. Family Dollar Stores of Texas, LLC*, 2020 WL 13132882, at *4–5 (W.D. Tex. May 12, 2020) (summary judgment granted to defendant on negligent hiring claim over plaintiff's argument that defendant's employees overloaded and failed to properly inspect trailers; noting that the plaintiff had failed to present evidence "suggesting that something in [the] employees' backgrounds would have caused a reasonable employer not to hire them. Plaintiff's argument focuses solely on the employees' alleged negligence." (citations omitted)). Plaintiffs' claims in Counts Three and Four are due to be dismissed.

### B.  Leave to Amend

Plaintiffs ask that, if the court determines that Counts Three and Four are due to be dismissed for failure to state a claim, that they be granted leave to amend to be given an opportunity to correct the deficiencies. (*See* Pl. Brief, ¶¶ 13-15). "Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (*quoting Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). In its reply, ATL states that it has no objection to Plaintiffs being allowed to amend. (Dft. Reply at 2). Accordingly, Plaintiffs will be granted leave to amend.

### IV.     Conclusion

Defendant ATL's Rule 12(b)(6) motion to dismiss the claims in Counts Three and Four of the Complaint (Doc. 6) is **GRANTED**.  Those claims, which seek to recover for negligent entrustment and for negligent or wanton hiring, training, supervision, and retention, are **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs are **GRANTED LEAVE** to file an amended complaint to address the deficiencies identified herein by April 15, 2024.

DONE this 8th day of April, 2024.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE